■ Nicholas Quezada, Appellant, v City of New York, Respondent, et al., Defendant. [737 NYS2d 84] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about February 1, 2001, which, in an action to recover for an assault allegedly committed by a traffic enforcement agent of defendant-respondent City, insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff alleges that he was assaulted by one of eight traffic

enforcement agents who approached him and apparently mistook him for an irate driver who had accosted one of the agents. A prior order conditionally struck defendant's answer unless it produced for deposition the one agent whose incident report defendant did not produce. The instant motion for summary judgment, made upon defendant's failure to produce such agent for deposition in accordance with the conditional order, was properly denied. As the motion court indicated in its conditional order, the failure to produce such agent's incident report does not, by itself, permit an inference that such agent committed the alleged assault, and thus plaintiff cannot have judgment, regardless of the sufficiency of defendant's denials that such agent committed the alleged assault (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), unless, of course, defendant is precluded from making such denials as a sanction for willful noncompliance with its disclosure obligations. The motion court's finding that defendant's failure to produce the subject agent for deposition was not willful finds support in the record. As we were advised at the time of argument, the deposition of Officer Howard has been conducted. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.